NO. 07-02-0063-CR


NO. 07-02-0064-CR


NO. 07-02-0065-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 5, 2002



______________________________




GREGORY RAY ROY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NOS. 41,767-B, 41,768-B, 41,790-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Gregory Ray Roy filed notices of appeal in the referenced matters in
which his probation was revoked in Cause No. 07-02-0065-CR and his guilt was
adjudicated in Cause Nos. 07-02-0063-CR and 07-02-0064-CR. Because the clerk's
record had not been filed due to appellant's failure to pay or make arrangements to pay
for the record, we abated the appeals to the trial court for a hearing. However, appellant
has now filed a motion to dismiss his appeals. That motion has been signed by both
appellant and his attorney. 

 Because appellant has complied with the requirements of Rule of Appellate
Procedure 42.2(a) and because this court has not delivered its decision prior to receiving
the motion, the motion is hereby granted. Having dismissed the appeals at appellant's
request, no motions for rehearing will be entertained, and our mandates will issue
forthwith.

 

 John T. Boyd

 Chief Justice


Do not publish. 



 
 
 
 
 
 









NO. 07-10-00288-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
15, 2011

 



 

BIENVENIDO ORTEGA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE CRIMINAL COURT NO. 1 OF
TARRANT COUNTY;

 

NO. 1158036D; HONORABLE SHAREN WILSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

OPINION

            After
the trial court had overruled appellant, Bienvenido
Ortegas, motion to suppress evidence, appellant pleaded guilty to an
indictment alleging possession with intent to deliver a controlled substance,
methamphetamine, of 200 grams or more, but less than 400 grams.[1]   The trial court sentenced appellant,
pursuant to a plea bargain, to confinement in the Institutional Division of the
Texas Department of Criminal Justice (ID-TDCJ) for a period of 10 years and
assessed a fine of $500.  Appellant
perfected his appeal and contends that the trial court committed reversible
error when it overruled his motion to suppress the evidence.  We affirm.

Factual and Procedural Background

            In
May of 2009, the Tarrant County Narcotics Unit executed a search warrant on the
home of Ronald Gore.  In the search that
followed, deputies seized controlled substances and cash.  As a result of the search, Gore and his wife
were arrested and taken to jail. 
Subsequently, Gore, with the assistance of his attorney, entered into an
agreement to become a confidential informant to Deputy Doug Deweese.  After agreeing to become a cooperating
witness, Gore was asked if there were any other drugs at his home of which he
needed to advise the deputies.  Gore
replied that, while in jail, an additional amount of marijuana,
methamphetamine, and a gun had been delivered to his home.  Deputies were able to retrieve the additional
contraband, which were located where described by Gore.  

            Gore
testified at the suppression hearing that, after getting out of jail, he got a
call from appellant stating that he, appellant, was coming from Dallas to Fort
Worth bringing Gore an additional one-quarter to one-half pound of
methamphetamine.  Gore contacted Deweese and provided the deputies with an accurate
description of appellant, the color and make of the vehicle appellant would be
driving, how the contraband would be stored, where the delivery was to take
place, and the time of the delivery. 
Gore indicated that appellants brother would be a passenger in the
vehicle with appellant.  However, this
fact turned out to be incorrect as another unrelated person was in the vehicle
with appellant.

            Based
upon the information provided by Gore, Deweese and
other deputies went to the indicated location and awaited appellants
arrival.  According to Deweese, appellant appeared exactly where Gore said he
would and within five minutes of the exact time Gore advised appellant would appear.  Based upon the information provided by Gore,
appellant was detained, and the vehicle was searched.  Two bags of suspected crystal methamphetamine
were located in a metal box which was attached by magnets to the console of the
truck appellant was driving.  Appellant
was arrested and indicted for the offense of possession of a controlled
substance, methamphetamine, in an amount of 200 grams or more, but less than
400 grams. 

            Subsequently,
appellant filed a motion to suppress the results of his detention and search of
his truck.  The trial court conducted an
evidentiary hearing regarding the detention and search and ruled that the
search was supported by probable cause to believe that appellant was engaged in
or about to engage in the commission of a felony offense.  Therefore, the trial court overruled
appellants motion to suppress.  At the
hearing on the motion to suppress, the trial court dictated findings of fact
and conclusions of law.  These were
subsequently reduced to writing, and the trial court signed the findings and
conclusions and had them filed in the record of these proceedings. 

            After
the trial court overruled his motion to suppress the evidence of the search,
appellant entered a plea of guilty pursuant to a plea bargain and was sentenced
to serve a term of confinement of ten years in the ID-TDCJ and pay a fine of
$500.  Appellant gave notice of appeal,
and the trial court certified appellants right of appeal as to the trial
courts ruling on the motion to suppress the evidence seized during the search
of appellants truck.  Appellant brings
forth four issues, which when read carefully are all complaining that the trial
court erred in finding that there was probable cause for the officers to detain
appellant and search his truck.  We will
affirm the trial courts ruling.

Standard of Review

            To
review the denial of a motion to suppress, we apply a bifurcated standard of
review.  See Hubert v. State,
312 S.W.3d 554, 559 (Tex.Crim.App.
2010).  We review the trial courts
application of the law to the facts de
novo.  Id.  However, we defer to the trial courts
determination of credibility and historical fact.  Id. 
Because the trial court is in the position to see the witnesses testify
and to evaluate their credibility, we must view the evidence in the light most
favorable to the trial courts ruling.  See
Wiede v. State, 214
S.W.3d 17, 24-25 (Tex.Crim.App. 2007).  Where a trial court has made findings of
fact, as is the case here, we review the record to determine whether the
evidence, viewed in the light most favorable to the trial courts ruling,
supports the fact findings entered.  See State v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).

Applicable Law

            That
the search in question was conducted without a warrant is not an issue, and,
therefore, such a search is per se
unreasonable.  See Wiede, 214 S.W.3d at 24.  However, there is an exception for vehicles if
the officer has probable cause to believe the vehicle in question contains
contraband.  Id.  Probable cause exists when the totality of
the circumstances allows a conclusion that there is a fair probability of
finding contraband or evidence at a particular location.  Dixon v. State, 206
S.W.3d 613, 616 (Tex.Crim.App. 2006).  Dixon applied the totality of the
circumstances analysis promulgated by the United States Supreme Court in Illinois
v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76
L.Ed.2d 527 (1983).  The Gates
test did away with the rigid two prong analysis of veracity and basis of
knowledge previously used in Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed2d 723 (1964).  Under Gates, the analysis of the two
prongs is not considered serially and independently, but rather as relevant
considerations in the totality of the circumstances analysis of probable
cause.  Dixon, 206
S.W.3d at 616.  

Analysis

            Our
analysis must begin with the evidence presented at the hearing on appellants motion
to suppress the evidence of the search. 
That evidence was primarily outlined in the Factual and Procedural
Background section of this opinion. 
Additionally, we must add that the trial court did file findings of fact
in this case.  First, the trial court
made oral findings and then reduced those findings to writing and filed them in
this record.  The trial court found the
following facts:

1.    Pursuant to a search warrant, the police searched
confidential informant Mr. Gores house which revealed the presence of drugs.

 

2.    Informant Gore was arrested on May 5, 2009.

 

3.    At the time of his arrest, Informant Gore met with
Tarrant County Narcotics Unit investigator Deputy Doug Deweese.

 

4.    Informant Gore, in consultation with his attorney,
entered into a written agreement with Investigator Deweese
to provide the location where drugs would be found (i.e. a drug bust) to work
off the case for him and his wife.

 

5.    When asked if there was anything else Informant Gore
needed to tell the officer, Informant Gore revealed the presence of additional
drugs at the house that had not been seized during the execution of the search warrant.

 

6.    On May 14, 2009, after additional conversations with
the investigator, Informant Gore gave police information about the drug
conveyance that is the subject of this lawsuit. 
He stated that he knew the drug deliverer to be the Defendant, Mr. Bienvenido Ortega. 
He gave the description of a specific location, vehicle and time as well
as a specific description of the defendant, who would be with the defendant,
and a specific description of the packaging for the drugs.

 

7.    Based on Informant Gores precise descriptions and the
fact that Informant Gore had given self-incriminating evidence, the
investigator believed Informant Gore to be a credible and reliable informant.

Based on our review of the record, we
find that all of the findings made by the trial court are supported by the
testimony before the trial court at the suppression hearing.  The single exception is the finding as to the
person riding with appellant in the truck. 
Gore misidentified that person to be appellants brother, and it was
later shown that it was an employee of appellant, not his brother.  

            Having
found the findings supported by the record, we now turn to the question of the
initial detention of appellant.  When
appellant drove up to the location that Gore said he would come to, he             was almost immediately detained by
the deputies.  Did the deputies have
reasonable suspicion to detain appellant and then did the facts provide probable
cause to search the truck?  

Reasonable suspicion to stop and
detain a person for the purposes of investigating possible criminal behavior
requires only that the officers have specific and articulable
facts, which taken together with rational inferences from those facts
reasonably warrant the intrusion.  See
Terry v. Ohio, 392 U.S.1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).  This is a lesser burden on the officers than
probable cause which requires that the totality of the circumstances form a
conclusion that there is a fair probability of finding contraband or evidence
at a particular location.  See Dixon,
206 S.W.3d at 616. 
We point this out because, in an attempt to granulate the issues,
appellant seems to try to draw a distinction between the initial detention and
the search.  Suffice it to point out that
if there are facts enough to provide probable cause, then there are facts
sufficient to support reasonable suspicion.

            The
analysis of the facts supporting probable cause turns on the indicia of reliability
of the informant Gore.  The record
supports that although Gore had only been a confidential informant for a short
period of time and, in fact, there were no other instances of him providing
information that proved to be accurate, there were indicia of reliability on
which the deputy was entitled to rely. 
Specifically, there is the revelation to the deputy about other drugs
that had come into Gores possession after the initial search warrant had been executed.  This act of
self-incrimination by Gore provides some of the indicia of reliability.  See Abercrombie v. State, 528
S.W.2d 578, 584-85 (Tex.Crim.App. 1975) (op. on rehg) (finding that admission against penal interest, when
combined with verified details, was sufficient to provide reliability); Marsh
v. State, 2007 Tex. App. LEXIS 2931 at *5-*6 (Tex. App.Amarillo 2007, pet.
refd) (not designated for publication) (statement
against penal interest when combined with other facts provides credibility); Montgomery
v. State, 2005 Tex. App. LEXIS 3467 at *12 (Tex.App.Fort
Worth 2005, pet. refd) (not designated for
publication) (a statement against penal interest is inherently credible and may
be sufficient, in and of itself, to establish probable cause).  Not only is there the self-incrimination aspect,
but also, the record reflects the details of how the post-warrant drugs were
left and hidden exactly as Gore had advised Deweese.  This provided Deweese
with enough of a sense of reliability to allow the deputy to set up and observe
the meeting place for appellants appearance.

Next, the record reveals and, the
trial court so found, that the details Gore had provided of appellants
appearance were confirmed.  These are
what appellant contends are innocent details that do not provide any type of
probable cause.  However, appellants
contention ignores the fact that, while some detailed facts might be acquired
by common knowledge, such as the color and make of appellants truck, others
are limited to this precise criminal episode, such as the exact time and place
of appellants arrival to conclude the transaction.  Appellant would say that he had to come to
Gores location on business to pick up a check. 
However, there is nothing in the record that would indicate that picking
up a check would be done at a meeting place away from Gores office, which the
record shows was at his residence.  The
wealth of verifiable detail that Gore provided help offset the lack of a proven
track record in a totality of the circumstances analysis.  See Dixon, 206
S.W.3d at 617-18.  

            Based
on the totality of the circumstances, we find that the decision of the trial
court was correct.  See Gates,
462 U.S. at 238; Dixon, 206 S.W.3d at 616.  Accordingly, we overrule appellants
contentions to the contrary.

Conclusion

            Having overruled
appellants contentions, the trial courts judgment is affirmed.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Publish.











[1]
See
Tex. Health & Safety Code Ann.
§ 481.115(e) (West 2010).